Vinton Frost
516 O'Farrell St. #611
San Francisco, CA 94102
(415) 608-1029
vintonfrost@protonmail.com

FILED AUGUST 15, 2018

AUG 15 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF CALIFORNIA

Frost
v.
Texas Pacific Group
and
Google

CASE NO. CV 18 4956 EMC

COMPLAINT IN A CIVIL CASE
WITH REQUEST FOR JURY TRIAL

I. PARTIES

A. PLAINTIFF: (See above address and contact information for) VINTON FROST.

B. DEFENDANTS

(1) TEXAS PACIFIC GROUP,
TPG CAPITAL
301 COMMERCE STREET
FORT WORTH, TEXAS 76102
AND AT
* 345 CALIFORNIA STREET
#3300
SAN FRANCISCO, CA 94104
(415) 743-1500
jcoulter@tpg.com, kdavis@tpg.com

(2) GOOGLE INC.
1600 AMPHITHEATRE PKWY
MOUNTAIN VIEW, CA 94043
unknown telephone

## II. BASIS FOR JURISDICTION - FEDERAL QUESTION

THE BASIS FOR JURISDICTION IS 18 USC 2701a(2) AND 18 USC 2702.

## III. STATEMENT OF CLAIM

GOOGLE AND TPG CAPITAL ("TPG") HAVE A SECRET AGREEMENT WHEREBY GOOGLE PROVIDES TPG CAPITAL ACCESS TO FACILITIES WHICH STORE PLAINTIFF'S ELECTRONIC COMMUNICATIONS FOR THE EMAIL ADDRESSES vpfrost@gmail.com and vpfrost@alumni.stanford.edu.

TPG ACCESSED PLAINTIFF'S EMAIL ACCOUNTS WITH RESPECT TO COMMUNICATIONS WITH A SALESFORCE EXECUTIVE REGARDING THE SALE OF ITS LAND IN MISSION BAY SAN FRANCISCO IN EARLY 2014.

TPG ACCESSED, OBTAINED (AND DELETED PLAINTIFF'S ACCESS OF PLAINTIFF'S) REPORT, AND OFFERING OF, ON THE INVESTMENT PURCHASE OF COALCO'S SHARES IN THE REAL ESTATE PROJECT IN MOSCOW, RUSSIA, KNOWN AS WHITE SQUARE, IN 2010, WHICH TPG THEN ACQUIRED.

TPG ACCESSED PLAINTIFF'S JOB SEARCH E-MAILS FROM THE PERIOD STARTING IN 2005 TO WHEN PLAINTIFF NO LONGER USED G-MAIL OR GOOGLE-SERVED E-MAIL ACCOUNT IN 2015.

## IV. RELIEF

Plaintiff requests that court order the cancellation of information sharing agreements between defendants.

Plaintiff requests $1,001 for actual damages for loss of opportunity: a low amount because Plaintiff will be filing other actions against TPG.

Plaintiff requests the court award punitive damages of $500,000,000 to punish defendants for their conduct and to deter all private equity and internet companies from entering into similar agreements.

## V. CLOSING

I certify to the best of my knowledge, information and belief that this complaint (1) is presented for proper purpose, (2) is supported by existing law and a non-frivolous argument for extending and modifying existing law, to hold Google accountable for violations under 18 USC 2701(a)2 and to extend the statute of limitations period for such offenses.

August 15, 2018

*/s/ V. Frost*

Vinton Frost
San Francisco